IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                            :         CASE NO. 04-08564

                                :

REINALDO ESPINO COLON and,     :         CHAPTER 11
CARMEN DELIA VEGA FUENTES     :
d/b/a ESPINO SERVICE STATION,     :

                                :

      Debtors                   :

                                :

## OPINION AND ORDER

Pending in this case are a series of motions filed by the debtor and creditor Pedro Melendez Garcia. The parties are engaged in a dispute over a commercial property, a gas station, located in Cupey Bajo, PR; said dispute has encompassed three bankruptcy proceedings[1], three superior court proceedings[2], and a proceeding before the federal district court involving the Small Business Administration[3].

## Background

On September 6, 2006, this court entered an order (dkt. #136) clarifying a previous order (dkt. #105 entered on March 29, 2006); said order authorized Melendez to execute a judgment entered by the superior court in case no. KAC 2001-8026 issued on December 23, 2005, and further authorized Melendez to proceed with a hearing on

---

[1]In re Gasolineras Melendez, case no. 86-00809; In re Miguel Orsini Santos, case no. 97-05120; In re Reinaldo Espino Colon, case no. 04-08564.

[2]Pedro Melendez Garcia v. Reinaldo Espino Colon, case no. FAC 1998-0735(403); Pedro Melendez Garcia v. Reinaldo Espino Colon, case no. KAC 2001-8026; Reinaldo Espino Colon v. Pedro Melendez Garcia, case no. FAC 2004-0602 (402).

[3]United States of America (Small Business Administration) v. Gasolineras Melendez, Inc., et al., case no. 79-1697.

AO 72
(Rev. 8/82)

damages before the superior court, but noted that payment of damages would be channeled through the bankruptcy proceedings as an amendment to his proof of claim. The September 6 order summarizes the proceedings to date and clarifies some erroneous orders that were previously entered in this bankruptcy proceeding.

On October 16, Melendez filed an urgent motion (dkt. #139) which, according to its title, seeks this court's reaffirmation of its September 5 [sic] order and authorization (again) of the execution of the local court judgment. However, what Melendez actually wants is an order from this court certifying that in the bankruptcy case of Gasolineras Melendez, Inc., case no. 86-00809(SEK), the bankruptcy court did not authorize the sale-purchase-deed executed on July 8, 1987, pursuant to which Espino Colon, who was a creditor of Gasolineras Melendez, purportedly obtained ownership of the commercial property at issue.

In the local court proceeding at issue herein, Melendez is claiming that debtor fraudulently acquired said commercial property during the course of the Gasolineras Melendez bankruptcy proceeding, case no. 86-00809(SEK), without the authorization or approval of the bankruptcy court and in violation of the automatic stay. According to Melendez, Espino's lawyer, Luis A. Lugo, Jr., executed the sale-purchase-deed by which Espino acquired ownership of the gas station, and also executed a corporate resolution, which was never authorized by the board of directors, allegedly authorizing the transaction. Melendez further alleges that Espino Colon and his attorney were trying for some time to dismiss the Gasolineras Melendez bankruptcy petition so that he could gain control of the gas station. According to Melendez, the sale was executed one day before

2

AO 72
(Rev. 8/82)

the public auction of the gas station was scheduled by the U.S. District Court in case no. 79-1697(JAF)[4]. The sale-purchase-deed was executed by Melendez' brother, Pedro Juan Melendez Garcia.

On December 23, 2005, the superior court entered judgment in favor of Melendez, granting him title and ownership of the property. According to Melendez, Espino Colon filed a motion for relief from judgment, which was denied by the superior court on April 3, 2006, and, thereafter, continued to file motions with documents from bankruptcy case no. 86-00809(SEK) in order to induce the local court to error, culminating with a hearing October 9, 2006. At said hearing, the superior court concluded that the bankruptcy court should certify whether or not the sale-purchase-deed was authorized by the bankruptcy court in bankruptcy case no. 86-00809 and, accordingly, vacated its judgment until the bankruptcy court pronounces whether there was authorization in case no. 86-00809(SEK) to execute the sale-purchase-deed that is object of the local court proceedings.

Therefore, Melendez asks this court to "take notice of the case file in case no. 86-00809(SEK)"; "issue an order certifying that the transaction involving the private sale-purchase-deed executed on July 8, 1987...was never authorized by this honorable court"; "pronounce itself with regards to the illegality of Mr. Espino's actions"; and "reaffirm itself in this honorable court's order of September 5, 2006, authorizing Mr. Pedro

---

[4]The district court proceeding involved a stipulation between the debtor, Gasolineras Melendez, and the SBA, whereby Gasolineras Melendez consented to the lift of stay and foreclosure of the property if the debtor did not comply with the terms of their agreement.

3

AO 72
(Rev. 8/82)

Melendez to proceed with the execution of the local court judgment in case KAC2001-8026(603)."

Espino Colon filed a *pro se* opposition on October 20, 2006 (dkt. #140). He states that the superior court judge declared her judgment of December 23, 2005 "null, invalid and without any effect", and he attaches a copy of the judgment.

Melendez filed a reply on October 25, 2006 (dkt. #141). He argues that Espino's opposition is devoid of legal argument and attempts to mislead this court as to what happened in the Superior Court proceedings, and he attaches the minutes of the hearing held on October 9 in support of his statements. Melendez reiterates his request that this court review the proceedings in case no. 86-00809 and issue an order certifying that the "sale" of the gas station on July 8, 1987, was done without the authorization of the bankruptcy court and in violation of the automatic stay.

Espino Colon filed an answer to Melendez' reply on October 31, 2006 (dkt. #143), arguing that the attachments to his previous motion demonstrate that the stay was lifted in the Gasolineras Melendez bankruptcy case by order of Judge Votolato on November 7, 1986; therefore, there was no automatic stay in effect at the time of the sale on July 8, 1987.

Melendez filed a response on November 2, 2006 (dkt. #144). He argues that Espino's explanation regarding the proceedings in the district court are misleading. According to Melendez, the stipulation which was entered into in the Gasolineras Melendez case was between it and the SBA, regarding a collection of debt via a mortgage foreclosure action. Espino was not part of said stipulation; according to Melendez, the

4

stipulation authorized the stay to be lifted in the event of the debtor's default and the USA (SBA) to proceed with foreclosure; it did not authorize Espino to purchase the property. Melendez also argues that, although the notice of sale, issued pursuant to the district court's second order for execution of judgment, set a minimum sale price of $176,700.00 and stated that no lower offer would be accepted, the amount paid by Espino Colon to the Small Business Administration, pursuant to the private sale-purchase deed, was $121,510.00, which was less than the amount owed by Gasolineras Melendez to the SBA.

In his response of November 2, Melendez also points out that Espino has failed to comply with this court's order of September 1, 2006, which granted debtors request of August 23, 2006 (dkt. #132) for an extension of time of 45 days to obtain new legal counsel, and that the hearing scheduled for September 5, 2006 be rescheduled; the hearing was continued without a date, and the court admonished the debtor that if they did not reply to Melendez' motion to dismiss of June 30, 2006 (dkt #134) within 45 days, the same would be granted and the case would be dismissed. The court noted that this case is characterized as a two-party dispute rather than an effort to reorganize. The referred-to motion to dismiss argued that the case should be dismissed for debtor's failure to file a disclosure statement and plan of reorganization more than two years after the filing of the petition for reorganization. Pursuant to the September 1 order, debtor's reply to the motion to dismiss was due on October 16; to date, no reply has been filed, nor has a plan of reorganization or disclosure statement been filed.

On November 15, 2006, debtor filed a motion (dkt. #145) alleging that Melendez lacks standing and submitting "new" documents establishing that the automatic stay was

5

lifted in case no. 86-00809 before the sale of the property took place. Debtor argues that Melendez does not have standing because it is his brother, Pedro Juan Melendez Garcia, who is the president of Gasolineras Melendez. In support thereof he submits (1) the minutes of an extraordinary meeting of the shareholders of Gasolineras Melendez, held on March 20, 1985, which reflect that Melendez (creditor herein) would cease being the president of the corporation as of that date and would be substituted by his brother, Pedro Juan Melendez; (2) a letter dated March 20, 1985, from Melendez to his brother, Pedro Juan Melendez, in which he states that he decided in January of 1985 to *desligarme* (extricate myself) from Gasolineras Melendez, and states that Cupey Gas, the liquid gas business of Pedro Juan, would now be his (Melendez) property; (3) a letter dated May 14, 1986, from Melendez to Espino, which refers to a previous letter of November 20, 1985, wherein Melendez states that he clarified that his brother purchased all the shares of the *Gasolinera* on March 20, 1985. Regarding the lifting of the automatic stay, debtor attaches the stipulation signed by Pedro Juan Melendez Garcia with the SBA in the Gasolineras Melendez bankruptcy case, the order and judgment of Judge Votolato, the transcript of the hearing before Judge DeJesus on April 8, 1987, and the judgment dismissing the case on July 6, 1988.

Melendez filed a further reply on November 21, 2006 (dkt. #146), responding to Espino's allegations regarding his lack of standing and disputing his submission of "new" documents.

6

AO 72
(Rev. 8/82)

## Discussion

Melendez requests an order from this court certifying that in the bankruptcy case of Gasolineras Melendez, Inc., case no. 86-00809(SEK), the bankruptcy court did not authorize the sale-purchase-deed executed on July 8, 1987, pursuant to which Espino Colon, debtor herein, who was a creditor of Gasolineras Melendez, purportedly obtained ownership of the commercial property at issue.  Bankruptcy case no. 86-00809 was dismissed by order of the Hon. Sara de Jesus, signed on July 6, 1987, and entered on the docket on July 7, 1987.  The Clerk entered judgment dismissing the case on July 27, 1988.  The dismissal was not appealed.  Therefore, the dismissal is final.

A review of the documents filed in case no. 86-00809 (SEK) does not show any fraudulent actions by any party claiming property rights over debtor's (Gasolinera Melendez, Inc.) estate.  There is no order authorizing the sale of the commercial property wherein the gas station was operated.  However, no order was required as the sale took place one day after the bankruptcy case was dismissed.  The automatic stay terminates upon the dimissal of a case.  11 U.S.C. § 362(c).  The dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."  11 U.S.C. § 349(b)(3).

In addition to the recent flurry of motions pertaining to Melendez' request for a certification of the proceedings in the Gasolineras Melendez bankruptcy case, there is pending the motion to dismiss filed by Melendez on June 30, 2006 (dkt. #124).  As was mentioned above, this court entered an order on September 1, 2006 (dkt. #134) indicating that the same would be granted if not replied to by the debtor within forty-five (45) days;

7

AO 72
(Rev. 8/82)

said reply was due on October 16. 2006 and, to date, no reply has been filed, not has the debtor filed a plan of reorganization or a disclosure statement. Accordingly, the court will grant Melendez' request and dismiss this case.

The court notes that motions filed in this case intend to relitigate issues which should have been brought before the specific court entertaining the same. To argue the same issues in different fora has caused confusion to all. Moreover, this court abstains for comity reasons and defers to any ruling the state courts deem appropriate to make regarding the ownership of the property in question, as ultimately, property rights are determined by state law.

### Conclusion

In view of the foregoing, the court orders as follows:

(1) The "Urgent Motion" filed by creditor Melendez on October 16, 2006 (dkt. #139) is denied.

(2) In light of debtor's failure to reply to the motion to dismiss filed by creditor Melendez on June 30, 2006 (dkt. #124), as well as their failure to file a plan of reorganization or disclosure statement within 180 days from the date of the filing of their Chapter 11 petition, the motion is granted and this case is hereby dismissed.

The clerk shall enter judgment accordingly.

In San Juan, Puerto Rico, this 28th day of November, 2006.

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Court

AO 72
(Rev. 8/82)